NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROLANDO S. TERRELL,** | Hon. Claire C. Cecchi |
| Plaintiff, | Civil Action No. 11-cv-00832 (CCC-JAD) |
| v. | |
| **ROY HENDRICKS, et al.,** | Opinion |
| Defendants. | |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before this Court on the Application of Plaintiff Roland S. Terrell ("Plaintiff") for the Appointment of *Pro Bono* Counsel. Pl. App. ECF No. 17. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After carefully considering the submissions, and based upon the following, it is the finding of this Court that Plaintiff's Application is **denied**.

I.    **BACKGROUND**[1]

This matter involves a *pro se* litigant's application for appointment of *pro bono* counsel. On February 14, 2011, Plaintiff filed the underlying civil suit alleging violations of his Constitutional rights under 42 U.S.C. §§ 1983, 1985.

Plaintiff, a prisoner at the Hudson County Correctional Facility, in Kearney, New Jersey, alleges that Correctional Officers in the Essex County Department of Corrections unlawfully confined him for over 23 hours per day and denied him "outside/outdoor recreation," "religious

---

[1] These facts have been taken from the parties' respective submissions.

freedom as a practicing Muslim," "access to legal materials," and access to "the law library" in violation of 42 U.S.C. § 1983 and § 1985. Compl. ¶ 19. Plaintiff further alleges that the Correctional Officers and the Warden conspired to deprive him of his civil rights by repeatedly transferring him in retaliation for the numerous complaints and grievances he filed. Compl. ¶ 41. Plaintiff asserts that Defendants "continually humiliated Plaintiff by ridiculing him, having [him] stand[] openly in the nude before them all, bending, squatting, holding up his testicles, [and] making derogatory comments about his testicles, his buttocks, and anus." Compl. ¶ 56. These accusations stem from a body cavity search that occurred during a routine cell search.

Plaintiff's application for *pro bono* counsel was filed on January 9, 2011, and is now before this Court. ECF No. 17. In his application, Plaintiff cites his incarcerated status as the main factor limiting his ability to represent himself.

## II.   <u>LEGAL STANDARD</u>

Civil litigants possess neither a constitutional nor statutory right to appointed counsel. *E.g., Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir. 1997). However, in some instances the need for representation is great and district courts are granted broad discretion to request the appointment of attorneys to represent indigent civil litigants. 28 U.S.C. § 1915 (d), (e)(1). In *Tabron v. Grace,* the Third Circuit established the framework for determining whether the appointment of *pro bono* counsel is warranted. *See* 6 F.3d 147, 155, 158 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994). Before applying the *Tabron* factors, as a threshold matter, the Court must determine that Plaintiff's claim, "has arguable merit in fact and law." *Id.* at 155. Assuming there is merit, the Court then considers the *Tabron* factors. These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery, and the plaintiff's ability to investigate and to comply with complex discovery

rules; (4) the extent the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his own behalf. *Id.* at 155-56.

The Third Circuit has also emphasized, "that volunteer lawyer time is extremely valuable" and for that reason, "district courts should not request counsel under § 1915[(e)] indiscriminately." *Tabron*, 6 F.3d at 157. Finally, "we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

## III.   **DISCUSSION**

As an initial matter, this Court must first determine whether Plaintiff's Complaint is meritorious.  When evaluating the merit of a *pro se* plaintiff's complaint, courts traditionally give "greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron*, 6 F.3d at 154; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that civil rights allegations by a *pro se* plaintiff may not be dismissed as being without merit unless it is beyond doubt he can prove no facts in support of his claim), *reh'g denied*, 405 U.S. 948 (1972). For purposes of this Opinion only, the Court will assume, without deciding, that Plaintiff's Complaint has merit in both fact and law.

This Court will now consider Plaintiff's application for *pro bono* counsel in light of the factors enumerated in *Tabron*. As discussed more fully below, Plaintiff has provided this Court

with insufficient information to support his application, and therefore the Plaintiff's application for *pro bono* counsel is denied.

The first and most "significant of *Tabron*'s post-threshold factors is the plaintiff's ability to present his or her case." *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002); *see also Tabron*, 6 F.3d at 156. In determining whether Plaintiff can ably represent himself, this Court considers numerous factors. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigating experience." *Id.* In cases pertaining to prisoners, it is also important to consider "the restraints placed upon him or her by confinement." *Id.* Plaintiff claims in his application for *pro bono* counsel that his current confinement restricts his access to the law library "for extensive legal research." Pl.'s Appl., ECF 17. It is unclear whether Plaintiff is claiming he is barred completely or that his allotted access is insufficient to research his claims. It is true that the materials available in prison may not be as expansive as materials available to attorneys, and the Court acknowledges that Plaintiff is limited in the amount of time he may spend reviewing such material. However, Plaintiff has made no showing that his access to these materials is uniquely limited in comparison to other *pro se* prison litigants, and Courts have routinely denied appointing counsel despite a plaintiff's limited access to a prison law library. *See Neeld v. New Jersey*, No. 11-1731, 2012 WL 603293, at *2 (D.N.J. Feb. 22, 2012).

When addressing his need for *pro bono* counsel, Plaintiff states, "I am not competent to argue the merit's supported by the law's governed to protect my Constitutional Rights." Pl.'s Appl., ECF 17. However, Plaintiff has actively litigated his claims and has demonstrated a basic understanding of his claims and the relevant law. Based on his submissions, the Court finds that Plaintiff is literate and articulate. It should be noted that Plaintiff's Complaint lacks the force and

clarity that would be expected from an attorney; however, the fact that an indigent party lacks a trial lawyer's skills does not mean the Court should grant his request for counsel. *See Gordon v. Gonzalez*, 232 Fed.Appx. 153, 157 (3d Cir. 2007). Based solely on Plaintiff's ability to litigate his claim thus far, the Court finds this factor weighs against appointment of counsel.

The next factor that must be addressed is the complexity of the legal issues. Plaintiff's claims do not involve complex legal issues. Complexity supports appointment of counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156 (quoting *Macklin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)). Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997). Here, Plaintiff presents a civil action for deprivation of rights and conspiracy to deprive him of his rights. Plaintiff has demonstrated his ability to understand his claims, through his various submissions to this Court, particularly by responding competently to Defendants' Motion to Dismiss.[2] Accordingly, this factor weighs against Plaintiff, as the Court does not find the case presents complex legal issues.

The Court must now consider the extent of factual discovery, and Plaintiff's ability to investigate and to comply with complex discovery rules. Regarding the third *Tabron* factor, "courts should consider a prisoner's inability to gather facts relevant to the proof of his claim." *Montgomery*, 294 F.3d at 503; *see also Tabron*, 6 F.3d at 156 ("[T]he court may . . . consider the extent to which prisoners and others suffering confinement may face problems in pursuing their claim."). However, Courts have found that counsel should not be appointed in "every potentially

---

[2] The Court makes no judgment on the merits or outcome of the pending Motion to Dismiss, but merely notes that Plaintiff submitted an adequate opposition.

meritorious claim by an indigent prisoner where some investigation may be required."
*Montgomery,* 294 F.3d at 503. As an initial matter, the Court notes that any factual investigation
pertaining to Plaintiff's claims appear straightforward and will require the standard discovery
requests, such as interrogatories and document requests. Plaintiff was a party to the incidents
from which his claims arise, and he is thus familiar with the facts of the case. Courts have found
that Plaintiff's first-hand knowledge of events decreases his burden regarding factual discovery.
*See Gonzalez v. Passaic Cnty. Prob.,* Civ. No. 04-3001, 2005 WL 2077294, at *7 (D.N.J. Aug.
25, 2005). However, this Court finds that Plaintiff may have difficulty investigating his claims
thoroughly because of his confinement and the fact that he is in close proximity to Defendants.
Given these circumstances, the assistance of outside counsel may be necessary to complete the
factual investigation. Therefore, the third *Tabron* factor weighs in favor of Plaintiff.

Fourth, courts must consider whether the case will be determined by credibility
determinations. While credibility is always important, "when considering this factor, courts
should determine whether the case [is] solely a swearing contest." *Parham*, 126 F.3d at 460.
Plaintiff asserts that Correctional Officers in the Essex County Department of Corrections
unlawfully confined him for over 23 hours per day and denied him "outside/outdoor recreation,"
"religious freedom as a practicing Muslim," "access to legal materials," and access to "the law
library." Compl. ¶ 19. Plaintiff further alleges that Correctional Officers and the Warden
conspired to deprive him of his civil rights by repeatedly transferring him in retaliation for his
numerous complaints and grievances. Compl. ¶ 41. The primary disputes relate to the
motivation behind the transfers and the conditions of Plaintiff's confinement, and may in part,
involve a swearing contest. However, at this time it is unclear that the case will *solely* be a

swearing contest; for example discovery may reveal documents or other witnesses that support or refute Plaintiff's claims. Therefore, at present, the fourth factor weighs against Plaintiff.

The fifth *Tabron* factor asks whether the case will require expert testimony. There is no indication at this stage of litigation that such testimony will be necessary, and thus this factor also weighs against Plaintiff.

The final factor considers whether Plaintiff can attain and afford counsel on his own. Plaintiff states, "I have tried to retain a lawyer" and "[a]ll responses have been in the negative." Pl.'s Appl. ECF No. 17. It is unclear why Plaintiff has been unable to retain an attorney, and whether or not he has the financial means to do so. Simply put, this Court does not have sufficient information regarding Plaintiff's financial situation in order to assess whether or not Plaintiff can afford his own counsel. Accordingly, this factor weighs against Plaintiff.

On balance, the *Tabron* factors weigh against granting Plaintiff's application for *pro bono* counsel. Considered in light of the Third Circuit's admonition that volunteer counsel time is extremely valuable, and should not be appointed indiscriminately, the Court must deny Plaintiff's application. The Court notes, however, that pursuant to the authority granted by 28 U.S.C. §1915(e), the Court retains the discretion to appoint counsel at any point in the litigation *sua sponte*. Additionally, as the case proceeds, Plaintiff may file a new application.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's application is **denied**. An appropriate Order accompanies this Opinion.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Claire C. Cecchi, U.S.D.J.