NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROLANDO S. TERRELL,<br><br>Plaintiff,<br><br>v.<br><br>ROY HENDRICKS, et al.,<br><br>Defendants. | Civil Action No. 2:11-cv-00832<br>(CCC)(JAD)<br><br>OPINION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court on the second application of plaintiff Rolando S. Terrell ("Plaintiff") for the appointment of pro bono counsel (ECF No. 47) (the "Second Application). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After carefully considering the submissions, and based upon the following, Plaintiff's Second Application is **denied without prejudice**.

I. **BACKGROUND.**

This matter involves a *pro se* litigant's second application for appointment of pro bono counsel. This Court previously declined to appoint pro bono counsel to Plaintiff in an Opinion dated June 15, 2012. (Opinion, ECF No. 35). The facts underlying Plaintiff's initial request for pro bono counsel are largely identical to those asserted in this renewed application.

Plaintiff filed the instant action on February 14, 2011, alleging violations of his Constitutional rights under 42 U.S.C. §§ 1983, 1985. Additionally, Plaintiff requested "defendants turn over all reports and video surveillance from Essex County Correctional Facility," as well as the "lawyer/client log sheet from September 13, 2008 until October 16, 2010." (Appl. for Pro Bono Counsel, ECF No. 47).

Plaintiff, currently incarcerated at New Jersey State Prison in Trenton, New Jersey, alleged that correctional officers in the Essex County Department of Corrections unlawfully confined him for over 23 hours per day, and denied him "outside/outdoor recreation," "religious freedom as a practicing Muslim," "access to legal materials," and access to the law library in violation of 42 U.S.C. § 1983 and § 1985. (Compl. ¶ 22, ECF No. 43). Additionally, Plaintiff alleged that correctional officers and the Warden deprived him of his civil rights by repeatedly transferring him in response to the numerous complaints and grievances he has filed. (Id. ¶ 41). Plaintiff further alleged that Defendants repeatedly "engaged in arbitrary and abusive actions" against him. (Id. ¶ 17).

In his initial application for pro bono counsel, Plaintiff cited numerous reasons why the appointment of counsel was needed, including his incompetence to represent himself, his lack of access to the prison's law library, and his inability to retain counsel. (Appl. for Pro Bono Counsel, ECF No. 17). In the Second Application, filed on May 23, 2013, Plaintiff cited only the difficulty of litigation as his basis for requesting the appointment of counsel. (Appl. for Pro Bono Counsel, ECF No. 47).

II. **LEGAL STANDARD.**

Civil litigants possess neither a constitutional nor statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, in some instances the need for representation is great and district courts are granted broad discretion to request the appointment of attorneys to represent indigent civil litigants. 28 U.S.C. § 1915 (d), (e)(1). The Third Circuit has directed that district courts should first determine whether a plaintiff's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert denied, 510 U.S. 1996 (1994). Assuming plaintiff's claims have merit, the Third Circuit

2

promulgated a number of factors to be considered by district courts in the exercise of their discretion under § 1915(e)(1). These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his own behalf. Id. at 156.

The Third Circuit further emphasized that the "volunteer lawyer[s'] time is extremely valuable" and for that reason, "district courts should not request counsel under § 1915[(e)]" indiscriminately." Id. at 157. Finally, the court must take note of "the significant practical restraints on the district courts' ability to appoint counsel; the ever-growing number of prisoner civil rights actions filed each year in the federal court; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation" without pay. Id.

### III. DISCUSSION.

The Court denied Plaintiff's initial request for the appointment of pro bono counsel, finding that Plaintiff "provided insufficient information to support his application." (Opinion, ECF No. 35). The Court found Plaintiff had, to that point, shown himself to be literate and articulate enough to litigate his claims. (Id.). Further, the Court acknowledged that Plaintiff's access to legal materials was restricted, but found that Plaintiff did not provide information showing that his access to legal materials was uniquely limited in comparison to other *pro se* prison litigants. (Id.). Finally, the Court found that it was unable to determine whether appointment of counsel was proper because Plaintiff had not provided sufficient information regarding his financial situation. (Id.).

3

In the Second Application, Plaintiff again requested appointment of pro bono counsel, but cited only the difficulties he faces litigating his claims. Specifically, Plaintiff claimed that "it is a very hard task on my behalf for the lack of federal law I suffer from [sic]." (Appl. for Pro Bono Counsel, ECF No. 47). Plaintiff provided no other information for the Court to consider. Moreover, the status of this case has changed little since the Court's June 15, 2012 denial of Plaintiff's request for pro bono counsel. As such, it is difficult for this Court to analyze the Tabron factors and come to a different result than was previously reached. Therefore, the Court shall deny, without prejudice, the Second Application. The Court notes, however, that Plaintiff may renew his application for pro bono counsel at any time. Furthermore, the Court retains the discretion to appoint counsel at any point during the litigation *sua sponte* pursuant to 28 U.S.C. § 1915(e).

Finally, the Court notes that Plaintiff's request for Defendant to turn over surveillance videos is not appropriate at this time given the pending motion to dismiss, and thus, is denied.

### IV. CONCLUSION.

For the foregoing reasons, Plaintiff's Second Application for the appointment of pro bono counsel (ECF No. 47), and his request for Defendant to turn over surveillance videos, are **denied without prejudice.**

SO ORDERED

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Claire C. Cecchi, U.S.D.J.

4